# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-16-191-R |
| JOHN B. FOX, Warden, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Christopher L. Harris, a federal prisoner appearing pro se, initiated this civil action in February 2016 by filing a "Petition for Writ of Habeas Corpus in the Nature of *Audita Querela*" ("Complaint," Doc. No. 1). Plaintiff also has filed an Application for Leave to Proceed *In Forma Pauperis* and supporting affidavits (Doc. Nos. 8, 11). This matter has been referred to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. For the reasons discussed herein, the undersigned recommends that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* be denied.

### I.  Background

On February 26, 2016, while housed at the Federal Transfer Center in Oklahoma City, Plaintiff submitted his initial pleading to this Court for filing. *See* Compl. at 1; Doc. No. 1-1. Based upon its title and reference therein to 28 U.S.C. § 2241, the pleading was initially docketed as a habeas corpus petition. Plaintiff subsequently represented to the Court that he is not seeking habeas relief but, rather, a writ of *audita querela* regarding

his underlying criminal conviction and sentence. Plaintiff further states that he intended to seek relief under the All Writs Act, 28 U.S.C. § 1651, and explains that he "is not entitled to relief under § 2241." *See* Pl.'s First Mot. to Amend (Doc. No. 6) at 1-3; Pl.'s Second Mot. to Amend (Doc. No. 12) at 1-2. Therefore, in consideration of Plaintiff's clear preference and expressed intent, the undersigned construes this action as a civil action seeking issuance of a writ under 28 U.S.C. § 1651, rather than a proceeding seeking habeas corpus relief.

II. *The "Three Strikes" Provision of the Prison Litigation Reform Act*

The *in forma pauperis* provisions of the Prison Litigation Reform Act ("PLRA") apply to every "civil action" brought by a prisoner. *See* 28 U.S.C. § 1915(a)(2), (b)(1). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). In the absence of imminent danger, this statutory provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal quotation marks omitted). *See generally Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-62 (2015).

III. *Plaintiff's Prior Strikes*

In November 1999, Plaintiff was convicted of drug and conspiracy offenses in the United States District Court for the Southern District of Indiana. Pl.'s Mot. Release (Doc. No. 9) at 1; *Christopher L. Harris v. Wands*, 410 F. App'x 145, 146 (10th Cir. 2011). Plaintiff was sentenced to 300 months' incarceration, followed by five years' supervised release, as well as monetary penalties in the total amount of $2100.00. *Wands*, 410 F. App'x at 146; *United States v. Christopher L. Harris*, No. 1:98-cr-121-3 (S.D. Ind. Nov. 1, 1999) (J.). Review of the federal courts' PACER system reflects that Plaintiff has been seeking relief from courts across the United States ever since. Plaintiff's frivolous submissions have resulted in sanctions and filing restrictions being imposed by the Seventh Circuit, the Eastern District of Kentucky, and the District of Colorado; such restrictions also have been threatened by the Tenth Circuit. *See United States v. Christopher L. Harris*, Nos. 12-3744, 13-1312, 13-1395 (7th Cir. Mar. 18, 2013) (Order); *Christopher L. Harris v. Kammerzell*, 440 F. App'x 627, 628 (10th Cir. 2011); *Wands*, 410 F. App'x at 147-48; *Christopher L. Harris v. U.S. Marshal*, No. 6:15-cv-120 (E.D. Ky. Sept. 30, 2015) (Sanction Order). And at least one district court already has denied Plaintiff *in forma pauperis* status based upon his having acquired three strikes under 28 U.S.C. § 1915(g). *See U.S. Marshal*, No. 6:15-cv-120 (E.D. Ky. Aug. 4, 2015) (Order Re: Filing Fee).[1]

---

[1] In *U.S. Marshal*, the Eastern District of Kentucky concluded that Plaintiff had accumulated at least three "strikes" and asserted no legitimate facts indicating that he was in imminent danger of serious physical injury when he filed his lawsuit and thus ordered him to pay the $400.00 filing fee in full. *See* Order Re: Filing Fee at 5-6. The court also

ANALYSIS

The undersigned has reviewed prior actions filed by Plaintiff to determine whether three or more dismissals of such actions qualify as 28 U.S.C. § 1915(g) strikes. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 & n.3 (10th Cir. 2011). In the Tenth Circuit, a dismissal of a civil action counts as a strike for the purposes of § 1915(g) when the action is dismissed as "frivolous, malicious, or for failure to state a claim," including under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A. *See id.* at 1175; *Childs*, 713 F.3d at 1266; *see also Thomas v. Parker*, 672 F.3d 1182, 1183-84 (10th Cir. 2012). At least the following three dismissals constitute strikes under Tenth Circuit law:

---

explained Plaintiff's complaint in that case "merely re-hashe[d] the same 'commercial transaction' claims and analogies which he unsuccessfully asserted in . . . many other proceedings filed before." *Id.* at 5. In the instant case, likewise, Plaintiff relies on inapplicable commercial, contract, and civil law theories to seek relief from his criminal sentence and accompanying monetary penalty. *See, e.g.*, Compl. at 1-3; Pl.'s Mot. Release at 1-2. These arguments have been consistently rejected by the federal courts. *Christopher L. Harris v. Holder*, No. 1:14-cv-11734, 2014 WL 4997713, at *2 (S.D. W. Va. Oct. 7, 2014).

Further, Plaintiff's requested issuance of a writ of *audita querela* is almost certainly meritless due to Plaintiff's ability to seek relief under 28 U.S.C. § 2255 from the sentencing court. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." (internal quotation marks omitted)); *Christopher L. Harris v. Wilner*, 294 F. App'x 384, 385 (10th Cir. 2008) ("A § 2255 motion in the Southern District of Indiana is the exclusive remedy for Petitioner to challenge his conviction and sentence, unless it is inadequate or ineffective. . . . . The mere fact that he has been denied relief under § 2255 does not establish that this statutory remedy is inadequate or ineffective. The fact that he is precluded from filing another § 2255 motion in the Souther[n] District of Indiana does not establish that this statutory remedy is inadequate or ineffective." (citation omitted)).

1. Strike One

In *Christopher L. Harris v. Kammerzell*, the District of Colorado dismissed Plaintiff's 28 U.S.C. § 1331 prisoner civil rights complaint and action "with prejudice" as frivolous "pursuant [to] 28 U.S.C. § 1915(e)(2)(B)(i)" and imposed sanctions against Plaintiff. *See Kammerzell*, No. 11-cv-435 (D. Colo. May 2, 2011) (Order of Dismissal and Imposition of Filing Restrictions). The Tenth Circuit affirmed the dismissal on September 27, 2011. *See Kammerzell*, 440 F. App'x at 629. This prior dismissal satisfies the standard for a prior-occasion strike under § 1915(g). *See Hafed*, 635 F.3d at 1176; 28 U.S.C. § 1915(e)(2)(B)(i).

2. Strike Two

In *Christopher L. Harris v. Rodriguez*, the Eastern District of California dismissed Plaintiff's prisoner civil rights action pursuant to 28 U.S.C. §§ 1915(e) and 1915A for "failure to state any claims upon which relief may be granted" and as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Rodriguez*, No. 1:12-cv-891, 2012 WL 5424947, at *2 (E.D. Cal. Nov. 6, 2012) (noting that leave to amend should be denied because Plaintiff's claims are frivolous). The docket for *Rodriguez* reflects that Plaintiff did not file a direct appeal. Thus, the district court's dismissal counted as a strike under § 1915(g) that was issued prior to Plaintiff's initiation of this lawsuit. *See Hafed*, 635 F.3d at 1175-76, 1177-78; 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

3. Strike Three

In *Christopher L. Harris v. O'Keefe*, the Eastern District of California dismissed Plaintiff's prisoner complaint "for failure to state a claim for which relief can be

granted." *O'Keefe*, No. 1:11-cv-1553, 2011 WL 4542650, at *2 (E.D. Cal. Sept. 27, 2011) (R. & R.), *adopted*, Order (E.D. Cal. Oct. 19, 2011). The Ninth Circuit found the appeal to be frivolous, denied Plaintiff leave to proceed *in forma pauperis*, and ultimately dismissed the appeal due to Plaintiff's failure to pay the required fees. *See Christopher L. Harris v. O'Keefe*, No. 11-17675 (9th Cir. Jan. 10, 2012) (order); *id.* (9th Cir. Mar. 20, 2012) (order). The district court's dismissal of this civil action for failure to state a claim upon which relief can be granted qualifies as a § 1915(g) strike, *see Hafed*, 635 F.3d at 1176, that was imposed prior to Plaintiff initiating this lawsuit.

4. <u>Application of 28 U.S.C. § 1915(g)</u>

Because, pursuant to 28 U.S.C. § 1915(g) and Tenth Circuit authority, Plaintiff had acquired at least three strikes prior to filing this lawsuit on February 26, 2016, Plaintiff is not entitled to proceed *in forma pauperis* absent a showing that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's filings in this Court do not allege or even suggest that the imminent-danger exception of § 1915(g) applies. *See* Doc. Nos. 1, 6, 8, 9, 11, 12. Because the publicly available records from other federal district courts clearly demonstrate that the provisions of 28 U.S.C. § 1915(g) bar Plaintiff from proceeding *in forma pauperis*, Plaintiff's request to do so should be denied.

RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the District Judge:

(1) construe this lawsuit as a civil action seeking issuance of a writ pursuant to 28 U.S.C. § 1651;

(2)  deny the application for leave to proceed *in forma pauperis* (Doc. Nos. 8, 11);

(3)  order Plaintiff to pay the full $400.00 filing fee within 21 days of any order adopting this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR3.2, 3.3(e); and

(4)  dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 9, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 19th day of May, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE