IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| CHRISTOPHER L. HARRIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-191-R |
| JOHN B. FOX, Warden, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin, entered on May 19, 2016. Doc. No. 13. Plaintiff filed an objection to the Magistrate Judge's conclusions in the Report and Recommendation ("Objection"). Doc. No. 14. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

In his Report and Recommendation, Judge Goodwin recommended that the Court:

1. construe Plaintiff's lawsuit as a civil action seeking issuance of a writ pursuant to 28 U.S.C. § 1651;

2. deny the application for leave to proceed *in forma pauperis* (Doc. Nos. 8, 11)

3. order Plaintiff to pay the full $400.00 filing fee within 21 days of any order adopting the Report and Recommendation, pursuant to 28 U.S.C. § 1915(g); LCvR3.2, 3.3(c); and

4. dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting his Report and Recommendation, pursuant to LCvR 3.3(e).

1

Doc. No. 13 at 6-7. Judge Goodwin recommended that Plaintiff's request to proceed *in forma pauperis* be denied pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), which provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff does not dispute that the three-strike rule applies to him, does not suggest he is in imminent danger (an exception to the rule), and even echoes Judge Goodwin's first two recommendations in his Objection. *See* Doc. No. 14, at 2.

Plaintiff does not object to items 3 and 4 of Judge Goodwin's recommendation, regarding the timing of the payment of filing fees. Instead, he submits his own recommendations that Court "acknowledge Plaintiff's payment of filing fees delivered to the Court of Clerk May 24, 2016" or "Order the Clerk of Court to return Plaintiff's original payment with its Certificate of Dishonor made under the hand and seal of the Untied [sic] States Consul or notary public or other person authorized to certify dishonor by the law of the place where dishonor occurs stating the reasons given for such refusal." *Id.*[1] For the reasons below, the Court declines to do so.

---

[1] Plaintiff's Objection focuses on a footnote in Judge Goodwin's Report and Recommendation discussing the potential merits of Plaintiff's claim. As discussed in this Order, Plaintiff did not object to Judge Goodwin's recommendations. The footnote is dicta, does not impact Judge Goodwin's recommendations, nor this Court's adoption of the same.

The "payment" that Plaintiff refers to appears to be an unsecured "accommodation note" permitting Plaintiff to pay his filing fees by credit and a document that purports to bind the Clerk of Court regarding such payment. Doc. No. 14-1. The document is not a legally binding document and is disregarded. There is no indication that the Clerk of Court has assented to, or has the authority to, be bound by this instrument, and the only signature on the document is Plaintiff's. *Id.* Plaintiff may not unilaterally bind the Clerk of Court to this document by his signature alone. Likewise, Plaintiff's unsecured note is not an accepted form of payment and, outside of the confines of the *ifp* procedures permitting partial payment of fees, the Clerk does not have the authority to extend credit in lieu of payment of fees.

In accordance with the foregoing, the Court ADOPTS Judge Goodwin's recommendations. The Court:

1. construes Plaintiff's lawsuit as a civil action seeking issuance of a writ pursuant to 28 U.S.C. § 1651;

2. denies the application for leave to proceed *in forma pauperis* (Doc. Nos. 8, 11)

3. orders Plaintiff to pay the full $400.00 filing fee within 21 days of this Order, pursuant to 28 U.S.C. § 1915(g); LCvR3.2, 3.3(c); and will

4. dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of this Order, pursuant to LCvR 3.3(e), without further notice.

IT IS SO ORDERED, this 22nd day of June, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE